UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACK BRYANT, <br> DARREN EVANS, <br> ROY FALL, <br> TIM PEDIGO, <br> RICHARD ROHOMAN, <br> CHRISTOPHER WILHOIT, <br> THOMAS RODDY, <br><br> Plaintiffs, <br><br> vs. <br><br> LAZER SPOT, INC. a domestic limited liability company, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   No. 1:12-cv-00925-WTL-MJD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPORT AND RECOMMENDATION**
**HON. MAGISTRATE JUDGE MARK DINSMORE**

This matter came before the Court for a hearing on an Order to Show Cause on Friday, January 11, 2013. Plaintiff Roy Fall failed to appear; Counsel for Plaintiff was excused from attending; Defendant, who also was excused from attending, was represented by Jeffrey Glaser. This hearing was on an Order to Show Cause issued to Mr. Fall for his repeated failures to appear. Mr. Fall's history is as follows.

**RELEVANT CASE HISTORY**

On November 26, 2012, Counsel for Plaintiff, Roy Fall, filed a motion to withdraw as counsel, due Mr. Fall's repeated failure to participate and communicate with his counsel. [Dkt. 30.] The Court scheduled a hearing on the Motion for December 13, 2012 at 3:20 p.m. [Dkt. 31.] That order required Mr. Fall's counsel to serve the order on Mr. Fall and to file proof of such service, which counsel did on December 7, 2012. [Dkt. 33.]

Roy Fall failed to attend the December 13, 2012 hearing and the Court granted his counsel's motion to withdraw. [Dkt. 35.] Docket 35 further reminded the parties that the status conference currently scheduled for December 28, 2012 remained on calendar; that order was mailed to Roy Fall at the address provided by his former counsel. [*Id.*] The docket entry further gave the parties the telephone number to call in to participate in the conference.

On December 14, 2012 the Court issued an Order to Show Cause to Mr. Fall, setting this matter for a hearing on January 11, 2013 for his failure to attend the hearing on his counsel's motion to withdraw. [Dkt. 34.]

Mr. Fall failed to participate in the December 28, 2012 telephone conference. Consequently, the Court issued a second Order to Show Cause, setting it for a hearing for the same date of January 11, 2013. [Dkt 41.]

At the Order to Show Cause hearing on January 11, 2013, Roy Fall again failed to appear.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order…." Fed. R. Civ. P. 41(b). In addition, the Court has the inherent power to sanction conduct that abuses the judicial process, and such power is governed "not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Barnhill v. U.S.*, 11 F.3d 1360, 1367 (7th Cir. 1993). "Pursuant to this power, a court may impose the severe sanction of dismissal with prejudice…if the circumstances so warrant." *Id.*

Even though Mr. Fall is *pro se*, that is no excuse for him not to comply with court orders, including orders to appear for telephonic and in-person hearings. While *pro se* litigants benefit from various procedural protections not otherwise afforded to attorney-represented litigants, "being a *pro se* litigant does not give a party unbridled license to disregard clearly communicated court orders." *Downs v. Westphal*, 78 F.3d 1252, 1256 (7th Cir. 1996).

As the record shows, Mr. Fall was provided with several opportunities to correct his behavior and comply with the Court's orders, and was advised in writing that his failure to attend scheduled conferences would result in the dismissal of his case. Mr. Fall failed to participate in in two hearings and a telephonic status conference. Therefore, I, *sua sponte*, recommend that the sanction of dismissal with prejudice be imposed in this case due to Mr. Fall's repeated failure to comply with Court orders and participate in Court ordered conferences and to otherwise participate in the prosecution of this case.

## CONCLUSION

For the reasons stated above, the Magistrate Judge, *sua sponte*, recommends that Plaintiff Roy Fall's claims in this matter be **DISMISSED WITH PREJUDICE**. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, and failure to file timely objections within the fourteen days after service of this Report and Recommendation shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:   01/15/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

ROY FALL
7851 Wedgefield Drive
Indianapolis, IN 46217

Aaron B. Maduff
MADUFF & MADUFF LLC
abmaduff@madufflaw.com

Christopher J. DeGroff
SEYFARTH SHAW
cdegroff@seyfarth.com

Brett C. Bartlett
SEYFARTH SHAW LLP
bbartlett@seyfarth.com

Jeffrey L. Glaser
SEYFARTH SHAW LLP
jglaser@seyfarth.com

Mark Yann Thacker
SEYFARTH SHAW LLP
mthacker@seyfarth.com